IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUG WERNER AND WILLIAM
WIESNESKI, both individually and on behalf
of all other similarly situated persons,

                Plaintiffs,               OPINION & ORDER

  v.

                                           17-cv-608-jdp

WATERSTONE MORTGAGE
CORPORATION,

                Defendant.

---

In this proposed collective action under the Fair Labor Standards Act, plaintiffs Doug Werner and William Wiesneski allege that they are mortgage loan originators for defendant Waterstone Mortgage Corporation and that Waterstone failed to pay them overtime wages. Two motions are now before the court: (1) Waterstone's motion to strike portions of plaintiffs' amended complaint, Dkt. 19; and (2) plaintiffs' motion for a "tolling order," Dkt. 38. Plaintiffs also filed a motion for conditional certification of a collective action, Dkt. 22, but Magistrate Judge Stephen Crocker stayed briefing on that motion pending a decision on Waterstone's motion to strike.[1]

In its motion to strike, Waterstone objects to references that plaintiffs made in their amended complaint to *Herrington v. Waterstone*, No. 11-cv-779-bbc (W.D. Wis.), another case in which loan originators employed by Waterstone raised claims under the FLSA. Waterstone says that the references should be stricken because (1) there is no final judgment in *Herrington*;

---

[1] The record includes Waterstone's request for a stay, Dkt. 28, at 7–8, but there is no record of Magistrate Judge Crocker's response to the request. However, the court has confirmed with Magistrate Judge Crocker that he stayed briefing at the preliminary pretrial conference.

(2) the rulings in *Herrington* are not binding on this court; and (3) plaintiffs cannot rely on *Herrington* to toll the statute of limitations in this case.

The court will deny Waterstone's motion, which was a waste of both the parties' and court's time and resources. Waterstone cites Rule 12(f) on the Federal Rules of Civil Procedure, which states that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." But it is well established in this district that "[m]otions to strike are disfavored; they delay proceedings, usually unnecessarily," *Rizzo v. Discover Bank*, No. 17-cv-408, 2017 WL 3130440, at *1 (W.D. Wis. July 24, 2017) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, Inc., 883 F.2d 1286, 1294 (7th Cir. 1989)), and that "a party should not move 'to strike extraneous matter unless its presence in the complaint is actually prejudicial,'" *id.* (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001)). *Cf. Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007) ("Motions to strike words, sentences, or sections out of briefs serve no purpose except to aggravate the opponent—and though that may have been the goal here, this goal is not one the judicial system will help any litigant achieve.").

Waterstone does not even attempt to show that any of the information in plaintiffs' amended complaint is prejudicial. And it could not make such a showing because the information about *Herrington* is a matter of public record. Rather, Waterstone's objections are all *legal*. That is, Waterstone appears to be anticipating contentions that plaintiffs may raise later in the case and it is attempting to use Rule 12(f) to preclude plaintiffs from doing so.

As an initial matter, one of Waterstone's objections is moot because final judgment has been entered in *Herrington* in favor of the plaintiffs. No. 11-cv-779-bbc, Dkt. 135. Regardless, Waterstone cites no authority for the view that Rule 12(f) may be used to obtain preliminary legal determinations before an issue is ripe for review. If Waterstone believed that some of

2

plaintiffs' claims could be dismissed as a matter of law, it should have filed a motion under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted. Otherwise, determinations about *Herrington*'s legal implications on this case will have to wait until plaintiffs actually attempt to rely on *Herrington* to prove their claims or overcome a defense in the context of a motion for summary judgment or otherwise.

Waterstone's motion to strike continues an unfortunate trend. In *Herrington*, Judge Crabb criticized Waterstone on multiple occasions for filing improper motions that accomplished nothing but unnecessary and undue delay. *E.g.*, No. 11-cv-779-bbc, Dkt. 72 at 2–3 (discussing Waterstone's "repeated" and "improper" motions and admonishing Waterstone "not to make the proceedings even more contentious and expensive"). The court expects Waterstone to use better judgment when deciding whether to file future motions.

The court will also deny plaintiffs' request for an order tolling the statute of limitations until the court decides plaintiffs' motion for conditional certification. Plaintiffs' concern about the statute of limitations is understandable because the statute of limitations on an FLSA claim continues to run until an employee files his or her consent to join the lawsuit. 29 U.S.C. § 256; *Kelly v. Bluegreen Corp.*, No. 08-cv-401, 2008 WL 4962672, at *2 (W.D. Wis. Nov. 19, 2008) ("In FLSA collective actions, potential class members have no shelter; to preserve their claims they must either file an opt-in consent form in a pending action or file a separate lawsuit before the statute of limitations has run."). And conditionally certifying a collective actions and authorizing notice to be sent to potential members of the collective action are important steps in obtaining consent forms from other employees. But plaintiffs' motion is premature. Until Waterstone seeks to dismiss a claim or a portion of it on the ground that it is untimely, any determination about tolling would be an advisory opinion. *Davis v. Vanguard Home Care, LLC*,

No. 16-cv-7277, 2016 WL 7049069, at *2 (N.D. Ill. Dec. 5, 2016) ("Plaintiffs' precertification request for equitable tolling of the potential opt-in class members' FLSA claims implicates too many contingencies to be ripe. "). Plaintiffs do not identify any authority that the court has to preemptively decide a potential statute of limitations question.

That being said, Waterstone acknowledges in its opposition to plaintiffs' motion for a tolling order that its motion to strike is the reason for the stay on briefing plaintiffs' motion for conditional certification and it says that it "is agreeable to tolling the statute of limitations for the period during which the briefing schedule was delayed due to its request to stay briefing." Dkt. 39, at 2. Thus, the court expects that Waterstone will not raise a statute of limitations defense related to the delay that it caused, and if it does raise such a defense, its role in the delay will be a relevant factor in determining whether tolling is appropriate. *Stuart v. Local 727, Int'l Bhd. of Teamsters*, 771 F.3d 1014, 1020 (7th Cir. 2014) ("[E]quitable estoppel [is] the doctrine that tolls the statute of limitations if the defendant engages in conduct that prevents the plaintiff from filing suit or a claim within the statutory deadline.").

ORDER

IT IS ORDERED that:

1. Defendant's motion to strike portions of the amended complaint, Dkt. 19, is DENIED.

2. Plaintiffs' motion for a "tolling order," Dkt. 38, is DENIED.

3. Defendant may have until January 16, 2017, to file a response to plaintiffs' motion for conditional certification. Plaintiffs may have until January 23, 2017, to file a reply.

Entered January 3, 2018.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge