IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOUG WERNER AND WILLIAM
WIESNESKI, both individually and on behalf
of all other similarly situated persons,

                    Plaintiffs,                          OPINION & ORDER

        v.
                                                         17-cv-608-jdp
WATERSTONE MORTGAGE
CORPORATION,

                    Defendant.

Plaintiffs Doug Werner and William Wiesneski were loan originators for defendant Waterstone Mortgage Corporation. Plaintiffs contend that Waterstone violated their rights under the Fair Labor Standards Act in two ways: (1) failing to pay them overtime when they worked more than 40 hours in a week; and (2) requiring them to pay their own business expenses, which reduced their pay below minimum wage.

This is the second case in which loan originators for Waterstone brought the same claims. In *Herrington v. Waterstone Mortgage Corporation*, No. 11-cv-779 (W.D. Wis. Dec. 4, 2017), the court recently confirmed an arbitration award in which the arbitrator awarded more than $7 million for unpaid wages to a class of 174 loan originators across the country who alleged that Waterstone failed to pay them overtime and reimburse their business expenses.

For reasons they do not explain, plaintiffs did not join the original arbitration class. But now they seek to represent a new collective action of loan originators who worked for Waterstone at any office in the United States and at any time between August 1, 2010, and the present. Plaintiffs have filed a motion for conditional certification, Dkt. 22, which is ready for review.

The court will deny plaintiffs' motion. The standard for granting a motion for conditional certification is not demanding, but this is one of those relatively rare cases in which the plaintiffs have failed to make even a modest showing that plaintiffs are similarly situated to the other potential members of the collective action. The evidence plaintiffs cite either lacks any probative value or relates to claims that are untimely. Under these circumstances, conditional certification is not appropriate.

## ANALYSIS

Under § 216(b) of the Fair Labor Standards Act, employees may bring a collective action on behalf of themselves and other "similarly situated" employees for an employer's failure to pay overtime or a minimum wage to employees who are covered by the statute. In determining whether a class should be certified conditionally under 29 U.S.C. § 216(b), the question is whether the plaintiffs have made a "modest factual showing" that they and potential class members were victims of a common policy or plan that violated the law. *De Leon v. Grade A Constr. Inc.*, No. 16-cv-348, 2017 WL 1957537, at *2–3 (W.D. Wis. May 11, 2017); *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 628–29 (W.D. Wis. 2009). The inquiry focuses on "whether potential plaintiffs are sufficiently similar to believe a collective action will facilitate efficient resolution of a legal dispute involving claims which share common questions and common answers." *Holmes v. Sid's Sealants, LLC*, No. 16-cv-821, 2017 WL 5749684, at *2 (W.D. Wis. Nov. 28, 20 17) (internal quotations omitted).

This is a relatively liberal standard and it "typically results" in conditional certification of a representative class. *De Leon*, 2017 WL 1957537, at *2–3. But this is an unusual case because there has already been class litigation of the claims plaintiffs are raising. In fact,

plaintiffs are asking to send notice to many of the same employees as the plaintiffs in *Herrington*. *Compare* Dkt. 23-1 (notice to any current or former employee who worked for Waterstone "from August 1, 2010 to the present") with Dkt. 23-4 (notice to any current or former employee who worked for Waterstone "from November 28, 2008 to the present").[1]

Plaintiffs rely heavily on the arbitrator's findings in *Herrington* as evidence that Waterstone has a policy of failing to comply with the FLSA, but that reliance is misplaced, even if the court assumes that *Herrington* has preclusive effect as plaintiffs contend. As to claims that accrued after *Herrington*, the arbitrator's findings regarding a policy that existed before that case was litigated is not evidence that Waterstone has the same policy now. It is not reasonable to infer without some other evidence that Waterstone maintained an unlawful policy in defiance of the arbitrator's rulings.

As to older claims, there are at least two problems. First, the statute of limitations for a claim under the FLSA is two years, or three years for willful violations, 29 U.S.C. § 255(a), which suggests that claims that accrued before 2014 are untimely. Plaintiffs say that it is premature to determine which claims are timely, but this and other courts' general practice is to limit notice to employees with claims that accrued within the two or three years before the lawsuit was filed. *E.g., De Leon*, 2017 WL 1957537, at *4; *Foshinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, No. 11-cv-592, 2013 WL 3287634, at *4 (W.D. Wis. Mar. 21, 2013); *Witteman v. Wisconsin Bell, Inc.,* No. 09-cv-440, 2010 WL 446033, at *1 (W.D. Wis. Feb. 2,

---

[1] It is not clear what the cut-off date for the *Herrington* class was because the April 2017 arbitration award does not identify which employees received notice. But the award divides the class into four groups, beginning with claims accruing "pre-August 2010" and ending with claims accruing "January 2014 on," Dkt. 23-2, at 4. Because the arbitrator did not authorize notice until March 2014, *id.* at 11, the class included employees at least through that date.

2010). *See also Smith v. Alamo Claim Serv.*, No. 13-1481, 2015 WL 13594414, at *5 (C.D. Ill. Mar. 31, 2015) (citing cases in which courts authorized notice to employees with claims within three-year statute of limitations); *Wiyakaska v. Ross Gage, Inc.*, 10-cv-01664, 2011 WL 4537010, at *5 (S.D. Ind. Sept. 28, 2011) (refusing to approve class definition that included claims accruing outside limitations period). It makes no sense to devote resources to locating and contacting potential members of the collective action if those individuals have no plausible basis for asserting that they have timely claims. Adopting plaintiffs' view would prevent courts from placing any time limits on notice, regardless of the scope of the plaintiffs' proposed time frame or how obvious it was that the claims were untimely.

In their reply brief, plaintiffs say that they are entitled to equitable tolling, relying on the arbitrator's findings that Waterstone delayed the arbitration proceedings and attempted to dissuade employees from asserting their rights. But again, even assuming that the arbitrator's findings are preclusive, the arbitrator already cured any unfair prejudice caused by Waterstone's conduct by allowing employees to raise untimely claims in the context of the arbitration. Plaintiffs do not explain why employees who failed to join the arbitration would be entitled to a second opportunity to bring an untimely claim and the court cannot discern any grounds for tolling the claims.

This leads to the second problem with relying on *Herrington* to show that conditional certification is appropriate as to older claims, which is that any employee with a claim that accrued during the period covered by *Herrington* already had an opportunity to bring a claim but declined to do so.[2] Plaintiffs do not identify any reason to believe that employees who

_____

[2] The *Herrington* class was "opt in," meaning that employees were not included unless they affirmatively agreed to join the class. Dkt. 23-2, at 11.

received notice in *Herrington* and declined to opt in would be any more likely to join this case. In fact, plaintiffs identify no case in which a court certified a collective action for a group of employees who already had an opportunity to raise their claim in an earlier case.

In addition to relying on *Herrington*, plaintiffs cite four new declarations of former Waterstone employees, but none of those are helpful either. Two of the employees left Waterstone more than three years before plaintiffs filed this case and identify no basis for tolling their claims. Dkt. 24, ¶ 3 and Dkt. 27, ¶ 3. Even as to the other two employees (the two named plaintiffs), both of them began working for Waterstone more than ten years ago and neither of them alleges that any policy of failing to comply with the FLSA continued after 2014. Dkt. 25, ¶ 4 and Dkt. 27, ¶ 3.

There are other problems with the declarations. The two employees worked at the same office in Wisconsin, so they are not probative of policies and practices at the dozens of other Waterstone offices across the country. Even as to the Wisconsin office, the allegations in the declarations are so conclusory that they provide little insight into Waterstone's policies. The employees do not point to a particular policy or even to particular individuals responsible for implementing an unlawful practice. Rather, they allege generally that "Waterstone" told them to underreport their hours or even more vaguely that "[i]t was just understood" that they were supposed to do so. Dkt. 25, ¶ 17 and Dk. 26, ¶ 24. Regardless, because there are only eight employees at the office, Dkt. 45, ¶ 7, a collective action is not needed to resolve those employees' claims.

In sum, plaintiffs have not made even a modest factual showing that they are similarly situated to enough other employees that a collective action would facilitate efficient resolution

of common claims. Accordingly, the court will deny plaintiffs' motion for conditional certification.

ORDER

IT IS ORDERED that the motion for conditional certification filed by plaintiffs Doug Werner and William Wiesneski, Dkt. 22, is DENIED.

Entered February 9, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge