IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUG WERNER AND WILLIAM
WIESNESKI, both individually and on behalf
of all other similarly situated persons,

                        Plaintiffs,                      OPINION & ORDER

    v.                                                     17-cv-608-jdp

WATERSTONE MORTGAGE
CORPORATION,

                        Defendant.

---

Plaintiffs Doug Werner and William Wiesneski are suing their former employer, Waterstone Mortgage Corporation, for violating the Fair Labor Standards Act. Waterstone has filed two motions that are ready for review: (1) a motion for partial summary judgment, Dkt. 83; and (2) a motion "for order declaring plaintiffs have waived right to arbitrate and enjoining plaintiffs from pursuing arbitration," Dkt. 88. Because the first motion is moot and the second motion is premature, the court will deny both motions.

In its first motion, Waterstone seeks to dismiss the claims of Christopher Pulan, Michael Schafer, Angela Sherer, and Albert Winquist on the ground that they are time-barred. But none of those individuals are plaintiffs in this case. Although each of them filed consent forms to join plaintiffs' proposed collective action under 29 U.S.C. § 216(b), the court *denied* plaintiffs' motion for certification of a collective action, a result that Waterstone requested. Plaintiffs never amended their complaint to join Pulan, Schafer, Sherer, and Winquist as co-plaintiffs, so those individuals never became parties to the case. *Espenscheid v. DirectSat USA, LLC*, No. 09-cv-625, 2011 WL 2009967, at *8 (W.D. Wis. May 23, 2011) (once court decertifies collective action, "only the named plaintiffs' claims remain in the case"). If

Waterstone wanted to adjudicate the merits of those employees' claims, it should not have opposed plaintiffs' motion for certification. A defendant cannot prevent an employee from certifying a collective action and then litigate the claims of nonparties who would have been included in the collective.

In its second motion, Waterstone wants to enjoin "Plaintiffs" from pursuing their claims in arbitration. But this motion is premature because plaintiffs have not moved to dismiss this case to pursue arbitration and Waterstone does not allege that either Werner or Wiesneski has submitted an arbitration demand or threatened to do so. A party cannot obtain a declaration or injunction about speculative future events. *Capeheart v. Terrell*, 695 F.3d 681, 685–86 (7th Cir. 2012).

Waterstone does say that it received an arbitration demand from Deanna Downey, who filed a consent form in this case. But again, once the court denied plaintiffs' motion for conditional certification, those consent forms had no legal effect. Because Downey is not a party, any request for relief against her or anyone else who previously filed a consent form is outside the scope of this case.

ORDER

IT IS ORDERED that Waterstone Mortgage Corporation's motions for partial summary judgment, Dkt. 83, and motion "for order declaring plaintiffs have waived right to arbitrate and enjoining plaintiffs from pursuing arbitration," Dkt. 88, are DENEID.

Entered October 1, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge