IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUG WERNER and WILLIAM
WIESNESKI, both individually and on behalf
of all other similarly situated persons,

                       Plaintiffs,                   OPINION and ORDER

    v.

                                                  17-cv-608-jdp

WATERSTONE MORTGAGE
CORPORATION,

                       Defendant.

---

Plaintiffs Doug Werner and William Wiesneski are suing their former employer, Waterstone Mortgage Corporation, for violating the Fair Labor Standards Act. More than a year after filing this lawsuit, plaintiffs move to dismiss the case and compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 3–4. Dkt. 104. Plaintiffs say that they could not move to compel arbitration earlier because their arbitration agreements include class waivers, which *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147 (7th Cir. 2016), found to be unlawful. Now that the Supreme Court has overturned *Lewis*, plaintiffs believe that their motion to compel is timely. Also before the court is Waterstone's motion for leave to file a surreply brief. Dkt. 109.

The court will deny both motions. The court did not invite Waterstone's surreply brief and concludes that it is not necessary. The court also concludes that *Lewis* did not prevent plaintiffs from seeking arbitration when they filed this case in 2017, so they waived their right to arbitrate by waiting so long to exercise it.

*Lewis* is not the controlling case, *Herrington v. Waterstone Mortgage Corp.*, No. 11-cv-779-bbc (W.D. Wis.) is. Judge Crabb made it clear in *Herrington* that an arbitration agreement may be enforceable even if the agreement includes an unenforceable class waiver, a conclusion that

is not inconsistent with *Lewis*. Because Judge Crabb compelled arbitration in *Herrington*, and *Herrington* involved the same counsel (on plaintiffs' side), the same claims, the same defendant, and the same type of arbitration agreement as this case, it is puzzling why plaintiffs believe that arbitration was not available to them at the time they filed this lawsuit. Regardless, plaintiffs have no excuse for waiting more than a year to invoke their right to arbitrate, so the court will deny their motion to compel.

BACKGROUND

Werner and Wiesneski were mortgage loan originators for Waterstone, which is a mortgage lender based in Wisconsin. Plaintiffs contend that Waterstone violated their rights under the FLSA in two ways: (1) failing to pay them overtime when they worked more than 40 hours in a week; and (2) requiring them to pay their own business expenses, which reduced their pay below minimum wage.

Plaintiffs filed this lawsuit on behalf of similarly situated employees. They moved for conditional certification of a collective under 29 U.S.C. § 216(b), but the court denied that request. Dkt. 78. The court relied in part on *Herrington v. Waterstone Mortgage Corp.*, a class arbitration that included loan originators suing Waterstone for the same alleged FLSA violations at issue in this case.[1] Among other reasons, the court noted that plaintiffs' proposed

---

[1] The arbitrator in *Herrington* found in favor of the class and Judge Crabb confirmed the arbitrator's award, which was more than $10,000,000. *Herrington v. Waterstone Mortgage Corp.*, 11-cv-779-bbc (W.D. Wis. Dec. 4, 2017), Dkt. 133. The court of appeals recently vacated the judgment in *Herrington* in light of *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), because Judge Crabb had invalidated a class waiver before sending the case to arbitration and the Supreme Court concluded in *Epic* that a class waiver was permissible in a similar context. *Herrington v. Waterstone Mortg. Corp.*, 907 F.3d 502 (7th Cir. 2018). In accordance with the decision of the court of appeals, the parties in *Herrington* are now briefing the question whether the arbitration agreement may be construed to allow class or collective arbitration. *Herrington*,

collective overlapped substantially with the class arbitration in *Herrington*, so any employee with a claim that accrued during the period covered by *Herrington* already had an opportunity to bring a claim but declined to do so. Plaintiffs failed to identify any reason to believe that employees who received notice in *Herrington* and declined to opt in would be any more likely to join this case.[2]

Waterstone then filed two motions of its own: (1) a motion for partial summary judgment, Dkt. 83; and (2) a motion "for order declaring plaintiffs have waived right to arbitrate and enjoining plaintiffs from pursuing arbitration," Dkt. 88. As to the first motion, Waterstone asked the court to dismiss the claims of employees who had filed notices of consent to join the lawsuit in accordance with 29 U.S.C. § 256. Because the court denied plaintiffs' motion for conditional certification, those employees never became parties to the case, so the court denied the motion for partial summary judgment as moot. As to the request for a declaration, the court denied it as premature on the ground that Waterstone did not allege that plaintiffs had submitted an arbitration demand or threatened to do so. Plaintiffs filed their motion to compel arbitration shortly after the court denied Waterstone's motions.

ANALYSIS

There is no dispute that both Werner and Wiesneski have an arbitration agreement with Waterstone that covers the disputes in this case and that the arbitration agreements are valid under current law. The question is whether plaintiffs waived their right to arbitrate by

---

No. 11-cv-779-bbc, Dkt. 159.

[2] The court also concluded that plaintiffs had failed to make a modest factual showing that they were similarly situated to other employees who had timely claims.

failing to invoke the right sooner. A party may waive his right to arbitrate expressly or by simply "act[ing] inconsistently" with the right. *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). The latter type of waiver is at issue in the case. Both parties assume that the court rather than the arbitrator decides the issue of waiver, so the court will make the same assumption.[3]

There are no rigid rules for determining when a party waives his right to arbitrate through inconsistent conduct. Rather, courts consider several factors, including the party's diligence in invoking his right, which "should weigh heavily in the decision." *Id.* Also relevant are the extent to which the party has participated in the litigation and whether the non-moving party will be prejudiced by a change in forum. *Id.* But a showing of prejudice is not required. "[W]hen a party chooses to proceed in a judicial forum, there is a rebuttable presumption that the party has waived its right to arbitrate." *Id.* at 995.

In this case, plaintiffs filed their complaint in this court. It is undisputed that they did not submit an arbitration demand before filing their lawsuit and did not otherwise discuss with Waterstone at the time the possibility of arbitrating the claims. Since the filing of the complaint in August 2017, plaintiffs have filed an amended complaint, filed notices of consent to sue by several additional employees, moved (unsuccessfully) to conditionally certify the class, moved (again, unsuccessfully) to toll the statute of limitations, submitted a pretrial report, and

---

[3] In an earlier brief, plaintiffs contended that the parties had delegated the issue of waiver to the arbitrator. Dkt. 100, at 11–14. Plaintiffs' motion to compel does not include the same assertion, which would be inconsistent with a request that the court compel arbitration. Regardless, plaintiffs do not respond to Waterstone's argument that the court rather than the arbitrator decides the issue of waiver, Dkt. 105, at 9–10, so that issue is forfeited.

4

responded to various motions filed by Waterstone. Plaintiffs have also engaged in extended settlement negotiations and submitted discovery requests.

Plaintiffs do not deny that their conduct in this case is inconsistent with their right to arbitrate and would ordinarily qualify as waiver. And they do not make any attempt to distinguish the cases that Waterstone cites in support of its waiver argument. *Grumhaus v. Comerica Sec., Inc.*, 223 F.3d 648, 651 (7th Cir. 2000) (the plaintiffs' "knowing selection of one forum over another and willing participation in the ensuing litigation was plainly inconsistent with a desire to arbitrate"); *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995) ("Parties know how important it is to settle on a forum at the earliest possible opportunity, and the failure of either of them to move promptly for arbitration is powerful evidence that they made their election—against arbitration. Except in extraordinary circumstances not here presented, they should be bound by their election."); *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585 (7th Cir. 1992) (defendant waived right to arbitrate by participating in litigation during ten-month period and party did not move to compel summary judgment until after the court denied motion to dismiss and motion for summary judgment). *St. Mary's* seems particularly on point. Like the moving party in that case, plaintiffs chose to litigate their claims in this court until they began receiving adverse rulings and then decided that they wanted to take their chances in a different forum.

Plaintiffs' only argument against a finding of waiver is that they were legally prohibited from arbitrating their claims when they filed this lawsuit in 2017. They say that, under *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016), their arbitration agreements were "invalid and unenforceable" because they include class waivers. So plaintiffs could not enforce their arbitration agreement until the Supreme Court reversed *Lewis* and held that class and collective

5

action waivers were permitted under federal law. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018). But plaintiffs waited several more months to file a motion to compel after the Supreme Court decided *Epic*, which would be reason enough to conclude that they waived their right to arbitration. Plaintiffs say that they were entitled to wait because the parties were in the midst of settlement negotiations at the time, and then Waterstone filed a motion for partial summary judgment and a motion for a declaration that plaintiffs had waived their right to arbitrate. Plaintiffs filed their motion to compel 17 days after the court denied Waterstone's motions.

Even if the court assumes that plaintiffs acted diligently after the Supreme Court decided *Epic*, the court is not persuaded that plaintiffs could not have arbitrated their claims before the ruling in *Epic*. To begin with, even assuming that *Epic* rendered the arbitration agreements unenforceable, that would mean only that plaintiffs could not *compel* Waterstone to arbitrate. Plaintiffs identify no reason that the parties could not *agree* to arbitrate their claims. And there would have been strong reasons to believe that Waterstone would have been amenable to such an agreement. After all, it was Waterstone that moved to compel arbitration in an earlier case involving similar claims brought by the same counsel. *Herrington v. Waterstone Mortgage Corp.*, No. 11-cv-779 (W.D. Wis.), Dkt. 13. And if *Lewis* called into question whether Waterstone would resist arbitration in this case, that question was resolved by Waterstone's answer to the complaint in this case, in which Waterstone asserted that plaintiffs' claims were subject to arbitration. Dkt. 73, at 21. If plaintiffs really wanted to submit their claims to arbitration all along, then it is not clear why they did not ask Waterstone to submit to arbitration then. If the answer is that plaintiffs preferred to litigate their claims in federal court so long as there was a chance to proceed collectively (Waterstone filed its answer before this

6

court denied plaintiffs' motion for conditional certification of a collective), then that is simply an acknowledgment that their decision was a strategic choice and was not governed by *Lewis*.

But there is a more fundamental problem with plaintiffs' argument, which is that *Lewis* did not render the parties' entire arbitration agreement unenforceable. Rather, the question in *Lewis* was limited to whether the *class action waiver* in the arbitration agreement was enforceable. A review of the district court proceedings confirms this. The arbitration agreement at issue in *Lewis* included another important provision that was related to the class action waiver: "[I]f the Waiver of Class and Collective Claims is found to be unenforceable, then any claim brought on a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims." *Lewis v. Epic Sys. Corp.*, No. 15-cv-82-bbc, Dkt. 22-1 at 3. As explained by Judge Crabb in her decision denying the motion to compel arbitration in *Lewis*, that clause had the effect of collapsing the class waiver issue and the arbitrability issue into a single inquiry. *Id.*, Dkt. 54, at 2 ("[I]f I conclude that the waiver is invalid, plaintiff's challenge to the rest of the arbitration agreement is moot."). Thus, when the court of appeals affirmed Judge Crabb's decision, it was deciding only that class action waivers were unenforceable; it was not holding that all aspects of an arbitration agreement are invalid if the agreement includes a class waiver. That broader question was not before the court.

Plaintiffs should appreciate the importance of this distinction because the arbitration agreements at issue in *Herrington* did *not* include language requiring class or collective actions to proceed in court rather than in arbitration in the event that the class waivers were invalidated. And the absence of that language led to a different result in *Herrington*. Specifically,

Judge Crabb *granted* Waterstone's motion to compel arbitration because she concluded that the class waiver was severable from the remainder of the arbitration agreement:

> [C]ourts may sever invalid clauses in an otherwise valid arbitration agreement under some circumstances. *E.g., Kristian v.Comcast Corp.*, 446 F.3d 25, 62 (1st Cir. 2006) (severing class action waiver from arbitration agreement). Generally, courts focus on two factors in making this determination: whether the unlawful provision is essential to the agreement as a whole and whether multiple unlawful provisions support the conclusion that the drafter of the agreement was attempting to undermine the other party's rights.
>
> Neither party argues that the collective action waiver is integral to the arbitration agreement or that a collective action could not be pursued in an arbitration proceeding. In fact, plaintiff says that "collective action procedures are not inherently incompatible with arbitration and at least some AAA arbitrators have approved collective actions and those decisions have been affirmed by the Courts." This is consistent with the practice of the American Arbitration Association, which has published rules for class arbitration.

*Herrington*, No. 11-cv-779-bbc, Dkt. 57, at 2 (some citations omitted).

In light of *Herrington,* the court sees no reason why plaintiffs could not have moved to compel arbitration at the outset of this case. Like the agreements at issue in *Herrington*, plaintiffs' agreements include a severability clause. Dkt. 45-1, at 9 and Dkt. 45-3, at 10.[4] Unlike the agreements in *Lewis,* plaintiffs' agreements do not require the plaintiffs' claims to proceed in court if the class action waivers are invalidated.

Plaintiffs do not identify any basis for distinguishing *Herrington*. And plaintiffs cannot argue plausibly that they were unaware of the facts or rulings in that case. *Herrington* involves the same counsel raising the same claims against the same defendant. Because *Herrington* shows

---

[4] The agreements are not identical in all respects. It appears that Waterstone had multiple versions of the agreement, but those differences are not at issue in this case.

that plaintiffs could have arbitrated their claims despite *Lewis*, the court concludes that plaintiffs waived their right to arbitrate by filing this case in federal court and litigating it for more than a year. The court will deny plaintiffs' motion to compel arbitration.

Near the end of its brief in opposition, Waterstone asks the court to impose sanctions on plaintiffs for filing a "frivolous" motion. Dkt. 105, at 15. But Waterstone did not file a separate motion for sanctions or otherwise develop an argument in favor of awarding sanctions, so the court declines to consider the request. If filing a motion of questionable merit required the court to impose sanctions, Waterstone would be in no better position than plaintiffs. *E.g.*, Dkt. 42, at 2–3 ("The court will deny Waterstone's motion, which was a waste of both the parties' and court's time and resources. . . . The court expects Waterstone to use better judgment when deciding whether to file future motions.").

ORDER

IT IS ORDERED that

1. The motion to compel arbitration filed by plaintiffs Doug Werner and William Wiesneski, Dkt. 104, is DENIED.

2. Defendant Waterstone Mortgage Corporation's motion for leave to file a surreply brief, Dkt. 109, is DENIED.

Entered December 13, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge