UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **DOUG WERNER and WILLIAM WIESNESKI**, both individually and on behalf of all other similarly situated persons,<br>                   **Plaintiffs,**<br><br>   v.<br><br>**WATERSTONE MORTGAGE CORPORATION,**<br>                   **Defendant.** | Case No: 3:17-cv-00608-jdp |

**DECLARATION OF MATT DUNN IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF CLAIMS**

I, MATT DUNN, declare under penalty of perjury the following is true:

1. I am a partner with the law firm of Getman, Sweeney, & Dunn PLLC ("GSD"), counsel of record for the Plaintiffs in this case. The facts stated in this declaration are based on my personal knowledge, and if called and sworn as a witness, I could and would testify competently and truthfully to the matters stated herein.

2. After engaging in both formal and informal discovery, on January 23, 2019, Plaintiffs Doug Werner and William Wiesneski ("Plaintiffs") and Defendant Waterstone Mortgage Corporation ("Waterstone") (collectively, "the Parties"), with the assistance of Magistrate Judge Oppeneer, held a settlement conference. Although the lawsuit did not resolve at the settlement conference, the Parties continued to engage in good-faith settlement negotiations over the coming weeks with the repeated assistance of Magistrate Judge Oppeneer. The issues discussed included the merits and value of Plaintiffs' claims, Waterstone's defenses thereto, liquidated damages, attorneys' fees, the settlement terms, and the logistics of settlement.

3.      On or about February 6, 2019, despite the Parties having differing positions on the issues, the Parties reached an agreement in principle to resolve Plaintiffs' claims. On or about April 11, 2019, the Parties executed a Settlement and Release of Claims memorializing the terms of the settlement ("Settlement"). Attached hereto as Exhibit 1 is a true and correct copy of the Settlement.

4.      The Settlement was the result of informed, arms-length negotiations with the assistance of Magistrate Judge Oppeneer.

5.      Prior to the Settlement, GSD reviewed Plaintiffs' personnel records, which were provided by Waterstone. Plaintiffs worked an approximate total of 140 workweeks during the Fair Labor Standards Act's ("FLSA") three-year limitations period from the filing of the complaint. According to GSD's analysis of these records and its investigation of the claims, Werner worked more hours and received more pay than Wiesneski, thus his average weekly damages and overtime rate are higher than Wiesneski's average weekly damages and overtime rate. This accounts for some of the reasons Plaintiffs recover approximately the same amount of money

6.      While Plaintiffs believe their claims have merit, the $90,000 Settlement represents a compromise of claims that were highly contested and disputed between the Parties. The recovery represents a material recovery for each of the Plaintiffs.

7.      The Parties reached the Settlement after they conducted significant formal and informal discovery. Waterstone provided Plaintiffs with informal document production, including but not limited Plaintiffs personnel file, Loan Originator agreements, and time and pay records. This information allowed Plaintiffs to meaningfully evaluate the claims at issue and assess potential exposure. Waterstone also provided responses to Plaintiffs' interrogatory requests.

8.      GSD is counsel of record in a prior lawsuit against Waterstone, *Herrington v. Waterstone Mortgage Co.*, AAA NO. 01 14 0000 4860. That arbitration involved other Loan

Originators and similar claims before the FLSA and has been litigated since 2011. As a result, GSD is very familiar with Waterstone's policies and practices, having arbitrated the *Herrington* matter for years and having had the benefit of significant document production throughout the arbitration. This allowed the Parties to better evaluate strengths and weaknesses of their respective positions.

9. Given the above facts and evaluation of Plaintiffs' claims, counsel for Plaintiffs supports the Settlement as a compromise of disputed claims.

10. GSD is a six-attorney firm based in Kingston, New York. The firm also employs eight paralegals and two data analysts. GSD focuses on representing workers in individual and class-wide violations of federal and state wage-and-hour laws. It maintains a nationwide practice and litigates wage and hour claims on behalf of employees across the country.

11. Since approximately 2004, GSD has litigated over 50 class and collective actions to recover unpaid wages. GSD has litigated these cases in federal court, state court, and in arbitration. Courts consistently recognize GSD's experience and qualifications. *Bredbenner v. Liberty Travel, Inc.*, 09 Civ. 905 (MF), 09 Civ. 1248(MF), 09 Civ. 4587(MF), 2011 WL 1344745, **20-22 (D.N.J. April 8, 2011) ("class counsel has demonstrated the utmost skill and professionalism in effectively managing these consolidated actions and bringing them to a successful conclusion."); *Brumley v. Camin Cargo Control, Inc.*, 2:08 Civ. 01798-JLL-MAH, 2012 WL 1019337, 11 (D. N.J.,2012) ("Both this Court and other district courts around the country have recognized Plaintiffs' counsel's experience and skill in prosecuting wage-and-hour class litigation."); *Murphy v. Northern Dutchess Paramedics*, 7:11 Civ. 05661-LMS, Dk. 101, ¶ 36 (S.D. N.Y Aug. 15, 2014) (noting GSD "has extensive experience in litigating wage and hour collective

and class actions. Numerous courts have recognized Class Counsel's extensive experience in successfully litigating wage and hour cases.").

12.     Plaintiffs' total costs in this action were $1,235.05. This includes: $400 filing fee; $300 in pro hac vice applications for Mr. Getman, Mr. Dunn, and myself; $431.08 in Westlaw research; $58.05 in printing costs; and $39 in Pacer fees.

13.     A summary of Plaintiffs' total attorneys' fees is below. Some of this work included time that is allocated to plaintiffs other than the two Named Plaintiffs. Further, Plaintiffs' counsel incurred additional fees and costs since the parties reached a settlement. This additional time includes negotiating a settlement with the Magistrate Judge, editing the settlement agreement and motion to approve the settlement, and communicating with the Plaintiffs about the settlement. In addition, Plaintiffs' counsel will perform some work after filing the motion to approve the settlement. A copy of Plaintiffs time records can be made available for in camera review.

| Name | Hours | Hourly Rate | Total |
|---|---|---|---|
| Dan Getman =Partner | 6.1 | $880 | $5,368.00 |
| Michael Sweeney =Partner | 4.3 | $765 | $3,289.50 |
| Matt Dunn  =Partner | 111.6 | $665 | $74,214.00 |
| Artemio Guerra=Associate | 200.2 | $460 | $92,092.00 |
| Alex Dumas  =Associate | 0.4 | $355 | $142.00 |
| Mike Russo = Data Analyst | 4.3 | $310 | $1,333.00 |
| Jason Kandel = Data Analyst | 68.9 | $260 | $17,914.00 |
| Paralegals | 154.3 | $215 | $33,174.50 |
| Clerical | 2.7 | $120 | $324.00 |
| **TOTAL** | **552.8** |  | **$227,851.00** |

14.     GSD's rates have been repeatedly approved by the Courts, including in this District. *See, Herrington v. Waterstone Mortg. Corp.,* 11-CV-779-BBC, 2018 WL 835146 (W.D. Wis. Feb. 12, 2018); *Roseman v. Bloomberg L.P.,* 14CV2657 (DLC) (S.D.N.Y. Oct. 10, 2018); *Murphy v. Northern Dutchess Paramedics,* 11 Civ. 5661 (S.D.N.Y. Aug. 15, 2014); *Clark v. Ecolab, Inc.*,

1:07 Civ. 08623-PAC, Dkt. 105 (S.D.N.Y May, 11, 2010), *Young v. Cooper Cameron*, 04 Civ. 5968 (S.D.N.Y. Mar. 30, 2009), *Ayers, et al. v. SGS, et al.*, 03 Civ 9078 (S.D.N.Y. Sept. 9, 2008), and *Moreno v. U.S.*, 05 Civ. 142C, (Federal Court of Claims Oct. 7, 2010). Rates were also approved as lodestar crosschecks in *Martinez-Hernandez v. Butterball*, 5-07 Civ. 00174-H (E.D.N.C. 2012), *Salazar-Martinez v. Fowler Bros. Farm*, 6:10 Civ. 06257 (W.D.N.Y. 2012), and they have been approved in many other cases. *See e.g. Driscoll v. The George Washington University*, 1:12 Civ. 00690-ESH, Dkt. 98, p. 23 (D.D.C. July 17, 2014) (approving GSD rates based on the Laffey Matrix); *Morangelli v. Roto-Rooter Services Com.*, 1:10 Civ. 00876-BMC, Dkt. 292, p. 9 (E.D.N.Y. Jan. 7, 2014) (awarding counsel fee request based on the percentage of the fund method); *Smith v. Nagai*, 1:10 Civ. 08237 (PAE) (JCF), Dkt. 35 (S.D.N.Y. May 5, 2012); *Morocho v. Eddie*, 12 Civ. 0308 (VB) (LMS), Dkt. 100 (S.D.N.Y. Dec. 10, 2012); *Llandez v. Service One Janitorial*, 04 Civ. 2210 (SCR), Dkt. 22 (S.D.N.Y. Jan. 25, 2007); *Williamson v. BellSouth*, 04 Civ. 9774 (RJH)(KNF), Dkt. 27 (S.D.N.Y. July 21, 2006); *Bragg v. Terrier Claims Services*, 05 Civ. 7280 (CM)(LMS), Dkt. 28 (S.D.N.Y. July 21, 2006); *Crosby v. Independent Living, Inc.*, 02 Civ. 8314 (SCR)(LMS), Dkt. 33 (S.D.N.Y. Aug. 16, 2006); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 03 Civ. 1166 (LMS), Dkt. 74 (S.D.N.Y. March 22, 2006).

15. Plaintiffs will allocate $60,000 to attorneys' fees and costs as part of the settlement which represents approximately 26% of total attorneys' fees and costs. Thus, are Plaintiffs' fees and costs are reasonable and fair.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of April, 2019, at Kingston, New York.

*s/ Matt Dunn*
Matt Dunn (Pro Hac Vice)
GETMAN, SWEENEY & DUNN PLLC

260 Fair St.
Kingston, NY 12401
phone: (845)255-9370 / fax: (845) 255-8649
email: mdunn@getmansweeney.com

**ATTORNEYS FOR PLAINTIFFS**