# Exhibit 1

## Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Doug Werner ("Werner") and William Wiesneski ("Wiesneski"), collectively "Plaintiffs", and Waterstone Mortgage Corporation ("Waterstone") (collectively, "the Parties").

## Recitals

WHEREAS, on or about August 4, 2017, Werner filed a putative collective action against Waterstone under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") alleging that Waterstone did not pay he and other Loan Originators minimum wage and overtime compensation purportedly owed under the FLSA (the "Lawsuit").

WHEREAS, on or about August 9, 2017, Wiesneski filed a consent to join the Lawsuit.

WHEREAS, on or about September 5, 2017, Plaintiffs filed the operative First Amended Complaint alleging that Waterstone did not pay Plaintiffs and other Loan Originators minimum wage and overtime compensation purportedly owed under the FLSA.

WHEREAS, a dispute currently exists between Plaintiffs and Waterstone that resulted in Plaintiffs filing the Lawsuit;

WHEREAS, Waterstone denies all material allegations and claims asserted in the Lawsuit;

WHEREAS, the Parties, after having engaged in extensive litigation and comprehensive settlement negotiations through their respective counsel, desire to resolve this matter and avoid the ongoing costs, risks, and delays associated with litigation;

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

### I. General Terms of Settlement

A. In exchange for the release of claims, the dismissal of the Lawsuit, with prejudice, and other promises contained herein, Waterstone will, in accordance with the manner and timing provided for below, make payments as identified in Section III below.

B. Plaintiffs understand and acknowledge that although Waterstone is entering into this Agreement and making the payments hereunder, Waterstone does not admit to any wrongdoing or violation of Federal, State, or Local law, and expressly denies the same.

1

## II. Releases, Acknowledgments, Agreement to Cooperate, Revocation

A. Mutual General Release of Claims.

Plaintiffs Werner and Wiesneski irrevocably and unconditionally release forever, with prejudice, Waterstone and its parents, subsidiaries, divisions, and affiliates and each of its respective present and former owners, officers, directors, employees, agents, representatives, attorneys, insurers, predecessors, successors, and assigns, ("Released Parties") from any and all complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, suits, rights, demands, costs, losses, debts, interest, and expenses (including attorney fees and costs actually incurred) of any nature, known or unknown, suspected or unsuspected, arising out of their employment, the termination of that employment, and the execution of this Agreement, up to the date of this Agreement, including, but not limited to, all contract and tort rights, all claims for minimum, agreed upon, overtime, and other wages or payments, and any related penalties, fines, fees, or costs arising under the federal Fair Labor Standards Act and its regulations, the Wisconsin Statutes and Administrative Code, and any applicable local or common law, as well as claims arising under, by way of illustration and not limitation, the following federal laws, and their counterparts at state, local, and common law: the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act; Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act, as amended; the Civil Rights Enforcement Statutes; the Employee Retirement Income Security Act of 1974; the Worker Adjustment and Retraining Notification Act; the Family and Medical Leave Act; and the National Labor Relations Act.

Except for the obligations created or arising out of this Agreement, Waterstone releases and discharges Plaintiffs and their heirs, executors, administrators, successors or assigns ("Plaintiffs' Released Parties") from all claims, counterclaims, debts, demands, acts, obligations, or actions of any kind, known or unknown, which Waterstone may have against them that arose from Plaintiffs' employment with Defendant, up until the date this Agreement is signed.

The Parties intend this Section II.A to be as broad as the law permits. However, this Agreement does not apply to claims or rights under the federal Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protect Act, which may arise after this Agreement is executed. This Agreement also does not prevent Plaintiffs from filing charges with, or participating in investigations by, the United States Equal Employment Opportunity Commission (the "EEOC"). Plaintiffs do, however, expressly waive their right to any individualized recovery of any value obtained on their behalf by any third party, including the EEOC.

B. Acknowledgments and Agreement to Cooperate.

Plaintiffs acknowledge and agree that the amounts payable pursuant to this

2

Agreement resolve a bona fide dispute regarding the payment of back minimum and overtime wages; liquidated damages; interest; penalties; and their legal fees and costs. Plaintiffs further agree that this settlement represents fair and reasonable compensation for the claims as released above. Plaintiffs further acknowledge and agree that they have been given twenty-one calendar (21) days to read this Agreement prior to their execution of it, and understand its terms, and have been instructed by this Agreement to consult with their attorneys, Getman, Sweeney & Dunn, PLLC, about the legal effects of this Agreement. To the extent Plaintiffs execute this agreement before the twenty-one (21) calendar days have passed, they have done so knowingly and voluntarily. Plaintiffs further agree to comply with Section V pending Court approval of the Settlement Agreement and, assuming such approval is granted, at all times thereafter. Finally, Plaintiffs agree to direct their counsel, Getman, Sweeney & Dunn, PLLC, to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Getman, Sweeney & Dunn, PLLC to cooperatively work with Waterstone and its counsel to seek judicial approval of this agreement, including preparation of court required pleadings.

C. Revocation Period. Plaintiffs also understand and agree that they each have seven (7) calendar days after they sign this Agreement to revoke their acceptance of the Agreement solely as it pertains to the waiver of rights pursuant to the Age Discrimination in Employment Act. If either Plaintiff wishes to make this limited revocation, he must deliver a written notice of revocation, within seven (7) calendar days after he signs this Agreement to Jesse C. Ferrantella, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 4370 La Jolla Village Drive, Suite 990, San Diego, California 92122. The amounts payable to Plaintiffs as consideration for entering into this Agreement shall not become due and owing unless and until the seven (7) day period outlined lapses without revocation.

## III. Settlement Payments

A. Settlement Fund.

As consideration for the releases in Section II above, Waterstone shall pay a total of $90,000 (the "Settlement Fund"). This Settlement Fund is inclusive of attorneys' fees and costs, unpaid minimum and overtime wages, liquidated damages, and penalties and interest. If the Settlement Agreement is not approved by the Court, Waterstone will cease to have any obligation to pay or provide any portion of the Settlement Fund, and this matter will move forward with litigation.

B. Allocation of the Settlement Fund.

1. Attorneys' Fees - $60,000 of the Settlement Fund shall be allocated as attorneys' fees and costs payable to Plaintiffs' counsel, Getman, Sweeney & Dunn, PLLC. Waterstone will issue an IRS Form 1099 associated with this payment. As a condition precedent to this payment, Getman, Sweeney

3

& Dunn, PLLC, shall submit an IRS Form W-9 to Waterstone, signed and dated in 2019.

2. Payment to Plaintiffs - The remaining $30,000 of the Settlement Fund shall be distributed to the Plaintiffs for their unpaid minimum and/or overtime wages, liquidated damages, penalties, interest, and their release of claims in Section II.C. Plaintiff Werner shall receive $16,270.64 and Plaintiff Wiesneski shall receive $13,729.36. For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to all applicable tax withholdings (*i.e.*, the following taxes will be withheld: Federal income taxes at the 25% rate for supplemental wages, plus FICA, Medicare, and state and local income taxes, if applicable). Waterstone will pay the employer's share of all applicable tax withholdings of the settlement payment constituting unpaid wages. Waterstone will report the unpaid wages portion on an IRS Form W-2 to each Plaintiff. One-half shall be attributed to liquidated damages, penalties and interest for which each Plaintiff will receive an IRS Form 1099 from Waterstone. Plaintiffs each shall submit a current IRS Form W-9 to Waterstone.

C. Taxability.

Waterstone makes no representation on the taxability of the Settlement Payment. Aside from Waterstone's legal obligation to withhold taxes from the wage portion of the payment amount, Plaintiffs are responsible for their share of taxes and should consult with a tax professional regarding the taxability of the Settlement Fund.

## IV. Settlement Approval Process.

A. Approval of Settlement and Dismissal.

The Parties will file with the Court, after the seven-day revocation period has passed without revocation, a Joint Motion for Approval of Settlement and a Proposed Order Approving Settlement and Dismissing this case with prejudice. Waterstone's Counsel will draft these documents. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement.

B. Settlement Administration.

If the Court grants approval of this Settlement Agreement, the Parties agree to the following procedure for settlement administration:

1. Settlement Allocations. Individual settlement payments shall be made in the amounts set forth above. Each check will indicate that it is void after 180 days.

2. Payment schedule. Within 21 days of the Court's Order Approving the Settlement, Waterstone will deliver to Plaintiffs' Counsel the Settlement

Checks as described in Section III. Within seven days of receiving these checks, Plaintiffs' Counsel will mail them to the Plaintiffs.

## V. Publication

The Parties agree they will seek Court approval of this Settlement Agreement and the terms, conditions and amounts of settlement will be available in the public record. The Parties and their counsel agree that that they will not post on their websites or issue or make any press release about the terms, conditions, or amounts of settlement, other than indicating the case has been resolved. The Parties may disclose information regarding this Agreement to their attorneys and tax or financial advisors, and if required by law such as to state, local and federal taxing authorities.

## VI. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VII. Attorney Fees and Costs.

The Parties will bear their own attorney fees, expert fees, costs, and all other expenses resulting from this Lawsuit and this Agreement, beyond what has been agreed to herein.

## VIII. Binding on Successors; No Assignment

The Parties agree this Agreement will be binding on, and inure to the benefit of, their successors, heirs, and/or assigns. The Parties warrant and represent that they have not assigned or transferred to any person not a party to this Agreement, any released matter, or any right to any consideration provided in this Agreement. The Parties agree to defend, indemnify, and hold each other harmless from all claims based on, in connection with, or arising out of, any such assignment or transfer made, purported, or claimed.

## IX. Consultation with Counsel and Voluntary Agreement.

The Parties, and each of them acknowledge that they have had the opportunity to consult with legal counsel of their choice prior to execution and delivery of this Agreement, and that they have in fact done so. The Parties represent that they have entered into this Agreement knowingly and voluntarily, after consulting with their attorneys, with a full understanding of all of its terms.

## X. Entire Agreement

This document and its Exhibits constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Plaintiffs expressly acknowledge that they are not relying on advice from anyone from Waterstone, including Waterstone principals, owners, or attorneys, or any other individual or entity other than Getman, Sweeney & Dunn, PLLC.

## XI. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement. The Parties specifically agree that the Court can strike or revise the provision set forth in Section V. The Parties agree that the Settlement Agreement shall remain valid if the Court strikes Section V and that any revisions the Court makes to said provision will become part of the final Settlement Agreement.

## XII. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

## XIII. Construction

Counsel for the Parties have reviewed and participated in the drafting of this Agreement. Consequently, the normal rule of construction that ambiguities shall be resolved against the drafter shall not be applied in the interpretation of this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

*[Signatures on Next Page]*

4-4-2019
Dated

_____
Doug Werner


Dated

_____
William Wiesneski


4/11/2019
Dated

_____
Waterstone Mortgage Corporation

By its: Secretary, CFO


Approved as to form:


Dated

_____
Spencer C. Skeen
Tim L. Johnson
Jesse C. Ferrantella
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.


Dated

_____
Dan Getman
Matt Dunn
Artemio Guerra
Getman Sweeney & Dunn, PLLC

7

Dated

Doug Werner

04/03/2019
Dated

William Wiesneski

4/11/2019
Dated

Waterstone Mortgage Corporation

By its: Secretary, CFO

Approved as to form:

4/12/19
Dated

Spencer C. Skeen
Tim L. Johnson
Jesse C. Ferrantella
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

4-8-19
Dated

Dan Getman
Matt Dunn
Artemio Guerra
Getman Sweeney & Dunn, PLLC

7